UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DERRICK R. JONES,

    Petitioner,

v.                                                CASE NO. 6:11-cv-538-Orl-35GJK

WARDEN,

    Respondent.
_____/

**ORDER**

Petitioner initiated this action for habeas corpus relief, however, it is not clear whether the action is being brought pursuant to 28 U.S.C. § 2254 or 28 U.S.C. § 2241. Petitioner state that he is currently incarcerated at the Orange County jail as a result of criminal charges pending against him in state court and that he has been wrongfully denied release on bail. He claims that the Orange County jail refused to release him because of a federal warrant pending against him in another county; however, according to Petitioner, no "warrant [has been] signed for [his] arrest nor [are there] any pending indictments. It is apparent that Petitioner is not attacking a judgment of conviction entered by the state court; rather, he seeks to be released from jail until the commencement of his state court criminal trial.

In the event that Petitioner is seeking relief under section 2254, the Court notes that section 2254(a) provides as follows:

    (a)The Supreme Court, a Justice thereof, a circuit judge, or a district

> court shall entertain an application for a writ of habeas corpus in behalf of a person in custody **pursuant to the judgment of a State court** only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

(Emphasis added). "The purpose of section 2254 is clear--to require **state convictions** to meet federal constitutional requirements applicable to the states." *Smith v. McCotter*, 786 F.2d 697, 700 (5th Cir. 1986) (emphasis added). Because there has been no judgment of conviction entered by the state court, this Court is without jurisdiction to entertain the instant petition under section 2254.

In the event that Petitioner is seeking relief under section 2241, he must, as a matter of comity, exhaust his claims prior to bringing a section 2241 action. *See Dickerson v. Louisiana*, 816 F.2d 220, 226 (5th Cir. 1987). In this case, the Court finds nothing to suggest that he has fully exhausted his state court remedies. Further, Petitioner has not shown that he has been unable to obtain relief from the state trial court or the state appellate court. Therefore, the Court is unable to consider the merits of Petitioner's case under section 2241.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Derrick R. Jones is **DENIED** without prejudice to the right of Petitioner to refile the petition when a judgment of conviction has been entered by the state court or Petitioner has exhausted his state court remedies.

2.  The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this 18th day of May 2011.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-2 5/18
Derrick R. Jones
Counsel of Record